Fee Paid

FILED
CLERK, U.S. DISTRICT COURT
9/9/22
CENTRAL DISTRICT OF CALIFORNIA
BY: ___cs___ DEPUTY

Yael Lerman, Esq. (California Bar # 281311)
ylmazar@gmail.com
6505 Wilshire Boulevard
Los Angeles CA 90048
Tel. 310-836-6140

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States ex rel. GNGH2 Inc. | Case No.:  CV22-6630-JLS(AGRx) |
| Plaintiff, | COMPLAINT UNDER THE FALSE CLAIMS ACT |
| vs. | |
| BOILING POINT GROUP INC. | |
| Defendant(s) | |

Plaintiff-Relator, complaining of the Defendant by its attorney respectfully sets forth and alleges as follows:

I.   **Nature of the Case**

1.   This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained disaster relief under the Restaurant Revitalization Act means of fraudulent certifications of eligibility.

II.   **Parties**

2.   Plaintiff-Relator GNGH2 is a New Jersey corporation.

Complaint - 1

3. Defendant BOILING POINT GROUP INC. ("Boiling Point" or "Defendant") is a California business corporation with a principal place of business in the State of California, County of Los Angeles.

4. Boiling Point operates a number of restaurants in California, Washington, Canada, and Japan.

**III    Jurisdiction and Venue**

5. This Court has Federal Question jurisdiction over this matter in that Relator asserts claims under the False Claims Act, a federal statute.

6. This Court has personal jurisdiction over the Defendant in that personal jurisdiction under the False Claims Act is based on the Defendants' contacts with the United States as a whole. In this case, the Defendant is located in the United States and in any event this matter arises from the Defendant's application for and receipt of a federal grant.

7. This matter is venued in the Central District of California based on the principal place of business of the Defendant, namely 13668 Valley Blvd Unit C2, City of Industry, California, 91746.

**V.    Background**

8. Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

9. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10. All of the above has resulted in major economic disruption and as a result Congress enacted various measures including the Restaurant Revitalization Act ("RRA") which was

intended to provide relief to restaurants and small restaurant chains which lost business due to lockdowns and other measures which were enacted as a result of the above-described hysteria.

11. The Defendant applied for and received relief under the RRA as follows:

| Date | Party | Grant No. | Amount |
|---|---|---|---|
| 5/23/2021 | Boiling Point Group, Inc. | 7230359005 | $10,000,000 |

12. The Defendant was too large in terms of it operations to qualify for such relief and fraudulently certified as to its eligibility.

## VI. (Count I) Violation of the False Claims Act

13. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

14. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

15. Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VII. Relief Sought

16. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

17. The Defendant received at least approximately $10,000,000 in disaster relief as a result of the certifications set forth above.

18. Accordingly, Relator seeks judgment in the amount of $30,000,000.00 against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

*Yael Lerman /ANA/*

Yael Lerman, Attorney for Relator
GNGH2 Inc.

6505 Wilshire Boulevard
Los Angeles CA 90048
Tel. 310-836-6140

Dated: Los Angeles, CA
September 5, 2022



From Abrams, 305 Bway St 601 NY NY 10007





SHIP TO: Clerk of the Court
U.S. Dist Court - (DCa)
255 E TEMPLE ST
LOS ANGELES CA 90012-3332

1232

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 9 2022
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

